13-1150-cr
*United States v. Melvin Burgess*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fifteen.

PRESENT:  JOSÉ A. CABRANES,
REENA RAGGI,
RICHARD C. WESLEY,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee,*

      v.                            No. 13-1150-cr

TARULUS GLASS, AKA DRED; EVELIO HERNANDEZ, AKA E.; KEITH SYKES, AKA JOKER; ANTHONY IVORY, AKA PUDGE; MARVIN EDWARDS, AKA MARV; TONY RICHARDSON; EDWARD MILO CARMON, AKA MILO; EDWARD JAMES GAETANO, AKA EJ; JEROME HARPER, AKA HOP; SONYA SHERROD,

    *Defendants,*

MELVIN BURGESS, AKA MEL,

    *Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**     PAUL J. ANGIOLETTI, Law Office of Paul J. Angioletti, Staten Island, NY.

**FOR APPELLEE:**     H. GORDON HALL (Sandra S. Glover, *on the brief*), *for* Deirdre M. Daly, United States Attorney, District of Connecticut, New Haven, CT.

Appeal from a March 28, 2013 judgment of the United States District Court for the District of Connecticut (Ellen Bree Burns, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED** and the cause **REMANDED** for further proceedings.

Defendant-Appellant Melvin Burgess appeals from the District Court's judgment convicting him, upon his guilty plea, of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). Burgess had previously been charged with a more serious narcotics offense carrying a twenty-year mandatory minimum sentence. Pursuant to a plea agreement, however, Burgess pleaded guilty on July 17, 2012 to the lesser-included offense noted above, which carried no mandatory minimum sentence. Eight months after entering his plea of guilty, Burgess filed a motion seeking to withdraw his plea. The District Court denied that motion and sentenced Burgess principally to a term of 36 months' imprisonment and three years of supervised release. On appeal, Burgess seeks vacatur of his guilty plea on the grounds that it was not entered into voluntarily and lacked an adequate factual basis. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.[1]

Before reaching the merits of Burgess's plea challenge, we address the issue of appellate waiver. As part of his plea agreement, Burgess waived any right to appeal or collaterally attack his conviction or sentence where, as here, the custodial sentence imposed did not exceed 37 months. App'x at 26. Burgess affirmed his waiver of right to appeal in his plea colloquy before the District Court. *Id.* at 97. Although we typically uphold and enforce such appellate waivers, we have

---

[1] As an initial matter, given the fact that Burgess has completed his term of imprisonment and has served much, though not all, of his term of supervised release, we must first address the question of mootness. Guided by the Supreme Court, we are "willing to *presume* the existence of collateral consequences sufficient to satisfy the case-or-controversy requirement" or in a practice "view[ed] as 'effectively the same,'" we are "willing 'to count collateral consequences that are remote and unlikely to occur.'" *United States v. Probber*, 170 F.3d 345, 348 (2d Cir. 1999) (quoting *Spencer v. Kemna*, 523 U.S. 1, 8 (1998)). "This presumption of collateral consequences has been justified on the theory that most criminal convictions do in fact entail adverse collateral legal consequences, in that convicted criminals often face certain civil disabilities as a result of their conviction," including prohibitions on voting, jury service, and holding certain offices. *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999) (internal citations and quotation marks omitted). This presumption is all the more salient here, as Burgess explicitly took issue with these types of collateral consequences in his plea proceeding. *See* App'x at 101.

recognized exceptions in certain cases in which the defendant alleges an insufficient factual basis for the plea or argues that errors in the plea proceeding undermined the waiver's knowing, voluntary, and competent character. *See, e.g.*, *United States v. Liriano-Blanco*, 510 F.3d 168, 172 (2d Cir. 2007) ("This Court has repeatedly upheld the validity of [appellate] waivers, with the obvious caveat that such waivers must always be knowingly, voluntarily, and competently provided by the defendant." (internal quotation marks omitted)); *United States v. Adams*, 448 F.3d 492, 497 (2d Cir. 2006) ("[A] defendant retains the right to contend that there were errors in the proceedings that led to the acceptance of his plea of guilty, and he may argue that the district court failed to satisfy the requirement that there is a factual basis for the plea." (internal quotation marks omitted)). Since Burgess's appeal falls precisely within the ambit of these exceptions, we will consider the merits of his claims.

As a general matter, we "review for abuse of discretion the district court's finding that the record furnishes a factual basis sufficient to support the plea." *United States v. Smith*, 160 F.3d 117, 122 (2d Cir. 1998). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations, quotation marks, and alteration omitted).

Rule 11 of the Federal Rules of Criminal Procedure provides that, before entering judgment on a guilty plea, "the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). To establish a sufficient factual basis for the plea, the district court must "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997). In making this determination, the district court will consider the defendant's plea allocution and may also "look more broadly to any facts on the record at the time of the plea proceeding." *United States v. Garcia*, 587 F.3d 509, 514 (2d Cir. 2009) (internal quotation marks omitted). We have held that "a reading of the indictment to the defendant coupled with his admission of the acts described in it is a sufficient factual basis for a guilty plea, as long as the charge is uncomplicated, the indictment detailed and specific, and the admission unequivocal." *United States v. Andrades*, 169 F.3d 131, 136 (2d Cir. 1999) (internal quotation marks and alteration omitted).

Our review of the record compels us to vacate the District Court's judgment and remand the cause to the District Court for further proceedings, which could include trial on the indictment charges. Through no fault of the District Court,[2] the change-of-plea proceeding was long, at times

---

[2] Burgess himself argues that the District Court, the prosecutor, and the defense counsel were motivated by the "common concern" of acting in Burgess's best interest to "save Burgess from himself" and to avoid enabling "the obstreperous Burgess [to] blunder[ ] his way into a trial conviction and a geometrically-increased sentence." Def. Br. at 43. These magnanimous concerns, however, do not authorize a disregard of the requisite process.

confused, and marked by repeated efforts by the defendant to deny his guilt entirely. Burgess first declined to plead guilty because he disputed the criminal history calculation in the plea agreement, *see* App'x at 86, then disavowed entirely his participation in the charged conspiracy, *see id.* at 91, and thereafter attempted unsuccessfully to persuade the court to take an *Alford* plea,[3] *see id.* at 92. While Burgess eventually seemed to acquiesce in his attorney's statement in response to the prosecutor's account of the evidence against him, he never explicitly allocuted or unequivocally admitted to conduct constituting the crime with which he was charged. *See id.* at 104. In light of this muddled sequence of events, we cannot conclude that the dictates of Rule 11 regarding a factual basis for the plea have been satisfied.[4]

Moreover, the District Court did not conduct the required voluntariness inquiry. *See* Fed. R. Crim. P. 11(b)(2) (requiring that "[b]efore accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)"). Where, as here, the defendant failed to object to the Rule 11 violation "at the time of the plea," we review for plain error, which requires that "(1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012) (internal quotation marks omitted). Even the government conceded, in papers filed in its own prior motion to vacate the judgment, that "the court's Rule 11 canvass of the defendant was facially deficient" and, absent that deficiency, there is a reasonable probability that the defendant would not otherwise have chosen to enter a guilty plea.[5] Gov't Mot. to Vacate, Jan. 21, 2014, No. 13-1150-cr, Dkt. No. 49, at 2. We agree.

Finally, at the urging of his attorney, *see* Def. Br. at 57 n.18, Burgess requests that this Court delay the issuance of the mandate for a reasonable time to enable Burgess to reconsider and withdraw his appeal, so as to avoid the risk of exposure to an increased sentence upon retrial. Burgess has vigorously pursued vacatur of his plea, as is his right, notwithstanding the advice of no

[3] *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970) (permitting court to accept a guilty plea in spite of defendant's claim of innocence if the plea was voluntary, intelligent, and supported by a sufficient factual basis as determined by the court).

[4] Because we vacate the judgment on the basis that the District Court failed to determine an adequate factual basis for the plea, we have no occasion to separately consider Burgess's claim of ineffective assistance of counsel or his arguments that the District Court improperly denied his subsequent motion to withdraw his plea and misapplied the factors set forth in *United States v. Doe*, 537 F.3d 204, 210 (2d Cir. 2008).

[5] Though the government now takes the position that the plea proceeding comported with the requirements of Rule 11, in its motion to vacate of January 21, 2014, it argued that "given the record in this case, including the defendant's statements during the colloquy and his subsequent motion to withdraw his plea based, in part, on his claims that his plea was entered under duress and that there was no factual basis for the plea, the government acknowledges that it is difficult to argue that the errors in the plea colloquy had no impact on the defendant's decision to plead guilty." Gov't Mot. to Vacate, Jan. 21, 2014, No. 13-1150-cr, Dkt. No. 49, at 3.

4

less than four attorneys, including his counsel of record on appeal.  Burgess has even submitted, at the request of counsel, an affidavit confirming his wish for his case to be remanded and proceed to trial.  Burgess Aff., Ex. A to Angioletti Decl., Feb. 9, 2014, No. 13-1150-cr, Dkt. No. 59.  Burgess has had sufficient time to reconsider.  The mandate shall issue in the regular course.

For the foregoing reasons, we **VACATE** the judgments of the District Court and **REMAND** the cause for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk