13-3590
*United States v. Pauline Wiltshire*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

————————

August Term, 2014

(Argued: October 16, 2014    Decided: December 1, 2014)

Docket No. 13-3590

————————

UNITED STATES OF AMERICA,

*Appellee.*

−v.−

PAULINE WILTSHIRE,

*Defendant-Appellant,*

————————

Before:

KEARSE, STRAUB, and WESLEY, *Circuit Judges.*

————————

Appeal from the United States District Court for the Eastern District of New York (Dora L. Irizarry, J.).  On September 20, 2013, the district court convicted Pauline Wiltshire of violating her supervised release by 1) making false statements to a probation officer; and 2) leaving the district of her supervision without permission.  Wiltshire was sentenced to ninety days in

custody, to be served on weekends, to be followed by five years of supervised release. On May 25, 2014, during the pendency of her appeal, Wiltshire completed her time in custody on the contested adjudication, although her term of supervision had not yet run. For the reasons stated below, we find that Wiltshire's appeal was not mooted by the expiration of her custodial sentence and that the possibility of a reduced term of supervised release can satisfy Article III's case-or-controversy requirement. We therefore proceed to the merits and AFFIRM the district court's judgment.

> MARK K. McCULLOCH (PATRICK MICHAEL MEGARO, *on the brief*), Brownstone, P.A., Winter Park, FL, *for Defendant-Appellant*.
>
> JUSTIN D. LERER, Assistant United States Attorney (Susan Corkery, *on the brief*), for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee*.
>
> _____

PER CURIAM:

Appeal from the United States District Court for the Eastern District of New York (Dora L. Irizarry, J.). On September 20, 2013, the district court convicted Pauline Wiltshire of violating her supervised release by 1) making false statements to a probation officer; and 2) leaving the district of her supervision without permission. Wiltshire was sentenced to ninety days in custody, to be served on weekends, to be followed by five years of supervised release. On May 25, 2014, during the pendency of her appeal, Wiltshire completed her time in custody on the contested adjudication, although her term

2

of supervision had not yet run. For the reasons stated below, we find that Wiltshire's appeal was not mooted by the expiration of her custodial sentence and that the possibility of a reduced term of supervised release can satisfy Article III's case-or-controversy requirement. We therefore proceed to the merits and AFFIRM the district court's judgment.

## BACKGROUND

Pauline Wiltshire pleaded guilty to a one-count indictment charging conspiracy to distribute Adderall in violation of 21 U.S.C. § 841(a)(1) and was sentenced on April 16, 2012 to time served to be followed by five years of supervised release—to end in April 2017. Among the conditions of her supervised release were the following: "The defendant shall not leave the judicial district without permission of the Court or probation officer," and "[t]he defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." Wiltshire was permitted to serve her supervised release term in Ohio. Wiltshire did not inform either the district court, during her sentencing, or probation, on a standard questionnaire, that she worked occasionally as an exotic dancer at Platinum Plus in Lexington, Kentucky. She claimed that she was concerned that such revelations would

3

reflect poorly on her character. On April 18, 2012, Wiltshire traveled from Ohio to Lexington without the required permission from her probation officer.

On November 5, 2012, Magistrate Judge Pohorelsky issued a Report and Recommendation finding that Wiltshire had violated the conditions of her supervision both by falsely stating her employment and by traveling to Kentucky without permission on April 18, 2012. Judge Irizarry adopted the R&R in its entirety. On September 20, 2013, Judge Irizarry sentenced Wiltshire to ninety days in custody to be served on weekends beginning October 18, 2013, followed by five years of supervised release. Wiltshire appealed. On May 25, 2014, during the pendency of her appeal, Wiltshire completed her time in custody and began to serve her term of supervised release.

## DISCUSSION

### A. Mootness

The Case or Controversy Clause of Article III, Section 2 of the United States Constitution limits the subject matter jurisdiction of the federal courts such that the "parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990) (internal quotation marks omitted). To maintain a live case or controversy, "an individual

4

challenging the revocation of his parole—and whose term of re-incarceration has expired—bears the burden of demonstrating that some concrete and continuing injury continues to flow from the fact of the revocation." *United States v. Probber*, 170 F.3d 345, 348 (2d Cir. 1999). Jurisdiction will not lie where the alleged injury is "too speculative to satisfy the case-or-controversy requirement of Article III." *Id.* at 349.

In *Probber*, the district court imposed a term of imprisonment for the defendant's violation of supervised release. *Id.* at 347. The court did not impose a new period of supervision. *Id.* We held that Probber's appeal was moot because the full term of imprisonment—the sole penalty imposed—had been served before his appeal was heard. *Id.*

Here, Wiltshire was originally sentenced to five years of supervised release on April 16, 2012. Absent a violation, the supervised release period would have run until April 2017. After her violation, Wiltshire was sentenced to ninety days in custody to be served on weekends beginning October 18, 2013, to be followed by five years of supervised release. She was released from custody on May 25, 2014, and will be on supervision through May 2019. Accordingly, as a direct consequence of the district court's adjudication, Wiltshire will be subject to

5

approximately two more years of supervised release—the time from April 2017 to May 2019.  Unlike the penalty in *Probber*, the time added to Wiltshire's supervised release term limits her freedom in a way that is a direct adverse legal consequence and is sufficient to maintain a live case.[1]  Wiltshire's "appeal is not moot because a favorable appellate decision might prompt the district court to reduce [her] . . . term of supervised release."  *United States v. Kleiner*, 765 F.3d 155, 157 n.1 (2d Cir. 2014).

*B. Merits*

Having found that we have jurisdiction to review Wiltshire's appeal, we proceed to the merits.  We review the district court's finding that Wiltshire violated the conditions of her supervised release for abuse of discretion and its factual findings for clear error.  *United States v. Glenn*, 744 F.3d 845, 847 (2d Cir. 2014) (per curiam).  A district court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release."  18 U.S.C. § 3583(e)(3).

_____

[1] For example, the terms of Wiltshire's supervised release require her to, among other things, "not leave the judicial district without the permission of the court or probation officer", "report to the probation officer", and "permit a probation officer to visit . . . her at any time at home or elsewhere."

Here, Wiltshire admits the offending conduct: omitting her employment as an exotic dancer from the probation questionaire and leaving the judicial district without permission from the district court or probation.  However, Wiltshire argues that the government did not prove that she "willfully violated" the "ambiguous conditions" of supervision.  The district court reviewed the evidence and disagreed, and its conclusion that Wiltshire's violation was willful was not an abuse of discretion.

## CONCLUSION

We have considered Wiltshire's remaining arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.