16-2679-cr
United States v. Hobdy

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of June, two thousand seventeen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
                      *Circuit Judges*,
             EDGARDO RAMOS,[1]
                      *District Judge*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

            v.                                              16-2679-cr

ERNEST HOBDY,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     Molly K. Corbett, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Albany, NY.

Appearing for Appellee:      Rajit S. Dosanjh, Assistant United States Attorney, Michael F. Perry, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

---

[1] Judge Edgardo Ramos, United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Ernest Hobdy appeals from the July 27, 2016 judgment of the United States District Court for the Northern District of New York (Hurd, *J.*), revoking his supervised release and sentencing him to three months' imprisonment, to be followed by four years of supervised release. Hobdy has completed his term of imprisonment and is currently on supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

### I.    Mootness

The government argues that Hobdy's appeal would be moot if we were to affirm the district court's findings with respect to any one of the four violations of supervised release, because Hobdy has served his prison sentence and the district court would be unlikely to reduce his remaining term of supervised release on remand.

As a general matter, "[i]f [a defendant] prevails on [an] appeal and we remand to the district court for further proceedings, the fact that the district court might, because of our ruling, modify the length of [the defendant's] supervised release" means that "[a] case or controversy . . . exists" and the appeal is not moot. *Levine v. Apker*, 455 F.3d 71, 77 (2d Cir. 2006). Here, if we were to vacate any of the violations, Hobdy's appeal should not be dismissed as moot. As a result of his violations, the district court "extend[ed] the end of Hobdy's supervision by approximately 6 months." Appellee's Br. at 28. Hobdy's extended supervised release requires him, among other things, to report to a probation officer and submit to searches at any time, with or without a warrant. "The time added to [Hobdy]'s supervised release term limits h[is] freedom in a way that is a direct adverse legal consequence and is sufficient to maintain a live case." *United States v. Wiltshire*, 772 F.3d 976, 979 (2d Cir. 2014).

The government notes precedent stating that "[a]n appellate challenge to a criminal sentence is rendered moot when the defendant has been released from prison and when there is either no possibility or only a remote and speculative possibility that the district court could or would impose a reduced term of supervised release were we to remand for resentencing." *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) (internal quotation marks and brackets omitted). The government argues that the district court's statements show that Hobdy would not receive a reduced term of supervised release on remand if we were to vacate fewer than all four convictions. *See, e.g.*, App'x at 145 ("I hope this is the last time I see you and that you complete your term of supervised release after you serve a little more time in prison here."). These statements, however, fail to demonstrate a merely "remote and speculative possibility" that the district court would reduce Hobdy's term of supervised release on remand. *Cf. United States v. Blackburn*, 461 F.3d 259, 262 & n.2, 263 (2d Cir. 2006) (holding that appeal was moot because, among other statements, the district court demonstrated an intention to "keep as close an eye on [the defendant] as possible for as long as possible"). Hobdy's appeal is thus not moot.

## II.        Merits

Hobdy argues that insufficient evidence supported the district court's determination that he committed four violations of his supervised release conditions. "We review the district court's finding that [a defendant] violated the conditions of [his] supervised release for abuse of discretion and its factual findings for clear error." *Wiltshire*, 772 F.3d at 979.  "A district court may revoke a term of supervised release if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *Id.* (quoting 18 U.S.C. § 3583(e)(3)).

Under Condition 3 of his standard conditions of supervised release, Hobdy was required to "answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." App'x at 14. Under Condition 6, Hobdy was obligated to "notify the probation officer at least ten days prior to any change in residence . . . , or if such prior notification is not possible, then within five days after such change." App'x at 14.

The district court did not abuse its discretion in finding that Hobdy committed four violations of these conditions. First, testimony at the revocation hearing provided sufficient evidence for the district court to determine that Hobdy failed to answer truthfully his probation officer's questions about how often he slept at 18 Shaw Street. *See, e.g.*, App'x at 43-44, 76 (Hobdy claimed that he kept no personal belongings at Shaw Street residence, but his alleged residence at 1010 Herkimer Road also lacked his personal belongings and looked "practically unlived in"); App'x at 49 (Hobdy's son admitted that his father had a bedroom at Shaw residence). Testimony showed that Hobdy committed the second and third violations by failing to answer truthfully the officer's questions or follow the officer's instructions, because Hobdy told other persons not to answer the officer's questions and failed to provide requested information as to one of the occupants of 1673 Neilson Street—his later alleged residence. Finally, testimony showed that Hobdy failed to report a change in residence. Even if the district court erred in finding that Hobdy resided at 18 Shaw Street, Hobdy still failed to notify the officer of a change in residence—from Herkimer Road to Neilson Street—until long after five days following his move from one residence to the other.

Hobdy also claims that the violations offend his due process rights because the conditions were vague and he received insufficient notice of the charged violations. "Due process requires that a condition of supervised release be sufficiently clear to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *United States v. Reeves*, 591 F.3d 77, 80-81 (2d Cir. 2010) (brackets omitted). Additionally, "[d]ue process requires . . . that a defendant charged with violating a condition of supervised release be afforded notice of the charges against him before the court may revoke his supervised release." *United States v. Chatelain*, 360 F.3d 114, 121 (2d Cir. 2004). "The notice must be sufficient to allow the releasee to prepare to defend against the charges," which is generally satisfied if it "identifies the . . . the condition allegedly violated" and explains the alleged violation, including "a description of the basic facts underlying the . . . charge," such as "the approximate dates of the events, the location at which they occurred, and the individuals involved." *Id.*

We reject Hobdy's due process challenges. Hobdy received sufficient notice to prepare his defense; namely, the conditions he allegedly violated, the dates of the incidents, and the bases for the charges. Moreover, the relevant conditions, which are the standard conditions noted above, were sufficiently clear that a person "of common intelligence" could understand them, both as written and as applied in this case.

We have considered the remainder of Hobdy's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4