20-939-cr
*United States v. Lockett*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty-one.

PRESENT:     DENNIS JACOBS,
             ROBERT A. KATZMANN,
             WILLIAM J. NARDINI,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

     *Appellee,*

  v.                                                                                    No. 20-939

RICHARD LOCKETT, also known as Wall Street,

     *Defendant-Appellant,*

MIGUEL MARGOLLA, JESUS IRIZARRY NEGRON, also known as Pablo, MARIO MARGOLLA, ROBERTO MARGOLLA, CARLOS MARTINEZ, also known as B-Way, SHARLIM OMAR MORALES, also known as Moren, RICARDO RAMOS MENDEZ, also known as Keeke, also known as Brian, TEDDY RIVERA, also known as Teddy Gun, also known as TG, CHRISTINA RODRIGUEZ, JOHNATHAN RODRIGUEZ, also known as J-Whisper, MANUEL SANTIAGO, JESSICA SLOCUM, ALEX TORRES, also known as Broccol, also known as Broc, CHRISTIAN VERA MALDONADO,

DESIO ALLEN, also known as T.O., JUSTICE BEARD, EBAN CARRION, also known as Five, BARRY COOPER, also known as B-Nyse, TAUREAN LIGHTFOOT, also known as T-Streets, CLIFFORD SHAMSUNDAR, also known as Face, RASHID WESTON, also known as Gutta,

  *Defendants*.

_____

FOR APPELLEE:       JAMES LIGTENBERG (Danielle R. Sassoon, *on the brief*), Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney, Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:  DEVIN MCLAUGHLIN, Langrock Sperry & Wool, LLP, Middlebury, VT.

On appeal from the United States District Court for the Southern District of New York (Cathy Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as moot.

Defendant-Appellant Richard Lockett appeals from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*) entered on February 3, 2020, revoking his term of supervised release and imposing a one-year term of imprisonment to be followed by no further term of supervised release. On appeal, Lockett argues that his sentence was procedurally unreasonable. We assume the reader's familiarity with the record.

Before reaching the merits of Lockett's appeal, we have an obligation to consider whether we have subject matter jurisdiction. During the course of this appeal, Lockett completed his

2

revocation sentence and was released from prison.[1]  Once a defendant's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole—some collateral consequence of the conviction—must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted).  Lockett has not asserted any legal injury flowing from his already-expired revocation sentence, nor does the record reveal any "concrete and continuing" injury.  *Id*.  First and foremost, Lockett has already served his full revocation sentence.  *See United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020) (finding moot the defendant's challenge to the district court's refusal to reduce his prison sentence, because the defendant "ha[d] already been released from prison"); *see also United States v. Wiltshire*, 772 F.3d 976, 978–79 (2d Cir. 2014) (noting that a defendant's appeal is moot when "the sole penalty imposed" has already been served).  The district court imposed no period of supervised release to follow his latest prison term, so there is no lingering term of supervised release that could be reduced on remand.  *See Holloway*, 956 F.3d at 664 (holding that appeal was "not entirely moot" because "the district court could still reduce [the defendant's] term of supervised release"); *accord United States v. Kleiner*, 765 F.3d 155, 156 n.1 (2d Cir. 2014).  Moreover, any "collateral effect" on any potential sentence he might receive for his newest conviction is too speculative to satisfy Article III's case-or-controversy requirement.  *See United States v. Martin*, 974 F.3d 124, 141 (2d Cir. 2020) ("[A] challenge to the length of a completed sentence does not present a live controversy solely by virtue of its collateral effect or consequence

---

[1]  While serving his sentence, Lockett was charged for an unrelated offense, namely a 2017 escape from federal custody in violation of 18 U.S.C. §§ 751(a) and 4082(a).  Some time after being released in the present case, he was re-arrested on the new charge, pleaded guilty to that offense, and is currently detained pending sentencing.

on future sentencing.").  Lockett has not offered any reason why his appeal presents a live case or controversy, and we cannot discern any ourselves.

For the foregoing reasons, we hereby **DISMISS** Lockett's appeal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court