UNITED STATES of America, Appellee,

v.

William RIVERA, aka Chan, aka Choukie; Miguel Nieves, aka Charlie, aka Mike, Defendants,

Christopher Guilfuchi, aka Shorty, Defendant–Appellant.

No. 98–1160.

United States Court of Appeals, Second Circuit.

Argued Dec. 3, 1998.

Decided Jan. 11, 1999.

Mary Mulligan, Assistant U.S. Attorney for the Southern District of New York (Mary Jo White, United States Attorney, Alexandra A.E. Shapiro, Assistant U.S. Attorney, of counsel), for Appellee.

Sam A. Schmidt, New York, NY, for Defendant–Appellant.

Before: VAN GRAAFEILAND, CARDAMONE and CABRANES, Circuit Judges.

**VAN GRAAFEILAND, Circuit Judge:**

Christopher Guilfuchi appeals from a judgment of conviction entered on April 7, 1998 in the United States District Court for the Southern District of New York (Kram, J.) following his guilty plea to possession of less than one gram of cocaine base in violation of 21 U.S.C. § 844. The plea was entered pursuant to an agreement with the Government in which the sentencing guideline range for Guilfuchi's offense was calculated correctly as 6 to 12 months. However, over Guilfuchi's objection, the district court sentenced him to "time served," which was approximately 18 months, Guilfuchi having been incarcerated since his arrest on September 24, 1996. Because Guilfuchi was released from federal custody promptly following his sentencing, the Government contends that there was no need to correct the sentence. We disagree.

Although the plea agreement provided that neither a downward nor an upward departure from the 6 to 12 month guideline range was warranted, the district court opted for the sentence of time served, approximately 18 months. When defense counsel argued that this constituted an upward departure, the district court replied:

> Yes. You know, it is a way that you are describing it but I think it is not the reality of the situation. Circumstances were such that he spent this time in custody, but he is given full credit for the time he spent. No. Is there anything further?

It is difficult to determine from this response whether the district court disagreed with defense counsel's contention that the sentence constituted an upward departure or whether the court felt that it did not make any difference whether or not it did depart. In any event, the court made no finding—and the Government does not argue on appeal—that any upward departure was warranted. Instead, the Government asserts that the sentence did not operate as an upward departure even though it "technically exceeded the legal maximum of twelve months' imprisonment." (Gov't brief at 12). We find nothing in the plea agreement that permits "technical" departures from the guidelines, and any ambiguity on this point necessarily must be construed against the Government.

It is no answer to Guilfuchi's claim of prejudice to contend, as the Government does, that, because Guilfuchi was released from federal custody promptly following the imposition of his sentence, he suffered no adverse consequences as a result of the sentence and, in effect, the sentencing issue has become moot. This type of argument was laid to rest in *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), where the Court discussed at some length the pertinence of so-called collateral consequences. The court explained:

> Although the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected. As the power to remedy an invalid sentence exists, we think, respondent is entitled to an opportunity to attempt to show that this conviction was invalid.

*Id.* at 55, 88 S.Ct. 1889 (quoting *United States v. Morgan*, 346 U.S. 502, 512–13, 74 S.Ct. 247, 98 L.Ed. 248 (1954)).

The doctrine of collateral consequences has been widely adopted. *See, e.g., United States v. Kassar*, 47 F.3d 562, 565 (2d Cir. 1995); *United States v. Martin–Trigona*, 759 F.2d 1017, 1024 (2d Cir.1985); *United States v. Mares–Molina*, 913 F.2d 770, 773 n. 3 (9th Cir.1990). The import of these cases is that the length of a sentence may have an important collateral effect or consequence on future sentencing. This is the situation in the instant case. Should Guilfuchi be convicted of another crime in the future and sentenced under the United States Sentencing Guidelines, a sentence here which exceeded 13 months would result in the imposition of 3 Criminal History Category ("CHC") points in the subsequent sentence, while a sentence in the 6–12 month range would result in the imposition of only 2 CHC points. *See* U.S.S.G. § 4A1.1(a),(b). It is essential, therefore, that the challenged sentence be vacated and the sentencing issue be remanded to the district court for reconsideration.

At the same time, the district court should correct a conceded error in the imposition of a $5,000 fine, which we now vacate. Section 844(a) of Title 21 U.S.C. provides for such a fine where a defendant with at least two prior drug convictions is found in unlawful possession of a controlled substance. However, as the Government concedes, it did not follow the procedural requirements of 21 U.S.C. § 851(a)(1) to establish Guilfuchi's prior convictions. Although the Government did file a prior felony information, this information pertained only to a parallel charge against Guilfuchi that has since been dismissed. Additionally, the Government informs us that it sought to withdraw this prior felony information but did not obtain the district court's authorization pursuant to Fed.R.Crim.P. 48(a). Accordingly, the Government agrees that the matter of the appropriate fine and the proposed dismissal of the prior felony information be remanded to the district court for further consideration.

We vacate both the sentence and the fine and remand to the district court for further proceedings consistent with this opinion.