**UNITED STATES of America, Appellee,**

v.

**Lloyd PROBBER, Defendant–Appellant.**

**Docket No. 96–1374.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 3, 1999.

Decided March 17, 1999.

Philip R. Schatz, New York, NY, for Defendant–Appellant.

Robert J. Cramer, Assistant United States Attorney for the Southern District of New York (Mary Jo White, United States Attorney, Craig A. Stewart, Assistant United States Attorney, of counsel), for Appellee.

Before: CABRANES and STRAUB, Circuit Judges, and McCURN,* District Judge.

JOSÉ A. CABRANES, Circuit Judge:

Lloyd Probber appeals from a May 24, 1996 judgment of the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *Judge*) revoking his supervised release and imposing a two-year term of imprisonment. In June 1991, after a jury trial, Probber was convicted of the following offenses, all of which arose out of his operation of a fraudulent loan guaranty business: mail fraud, in violation of 18 U.S.C. § 1341; wire fraud, in violation of 18 U.S.C. § 1343; making false statements to his probation officer,[1] in violation of 18 U.S.C. § 1001; and making false statements on applications for bank credit cards, in violation of 18 U.S.C. § 1014. The district court sen-

---

*The Honorable Neal P. McCurn, of the United States District Court for the Northern District of New York, sitting by designation.

1. At the time of his June 1991 conviction, Probber was on probation as a result of two prior felony convictions for fraud.

tenced Probber to imprisonment for 55 months and to three years of supervised release and ordered him to make restitution in the amount of $893,000 to the victims of his fraud. We affirmed Probber's conviction by unpublished order on March 27, 1992. *See United States v. Probber,* 962 F.2d 4 (2d Cir.1992) (mem.).

Probber was released from custody in January 1995 and began serving his term of supervised release. Subsequently, in November and December 1995, the United States Probation Office submitted to the district court a petition and amended petitions charging Probber with five specified violations of the conditions of his supervised release: failure to make a good faith effort to provide the Probation Office with documentation of his means of support and financial status; failure to truthfully answer a series of questions put to him by his probation officer; failure to make a good faith effort to pay his court-ordered restitution; theft of $4,750 from two individuals by making false promises to them, in violation of New York Penal Law § 155.35; and the commission of mail and wire fraud in connection with the operation of a fraudulent loan guaranty business, in violation of 18 U.S.C. §§ 1341 and 1343. After a hearing, the district court found that Probber had committed all but one of the specified violations, the exception being the alleged violation of New York Penal Law § 155.35. Accordingly, the court revoked Probber's supervised release and sentenced him to a two-year term of imprisonment.

On appeal, Probber challenges the district court's findings that he failed to make a good faith effort to pay restitution and that he committed mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343.[2] He asserts that the first finding was improper because the district court's original restitution order was procedurally defective and, hence, unenforceable.[3] Probber challenges the second finding on the ground that it was based on the assertedly inadmissible hearsay testimony of a Federal Bureau of Investigation agent. Probber's appeal does not contest the remaining findings underlying the district court's revocation of his supervised release (*i.e.,* that he failed to provide the Probation Office with documentation of his financial status and that he failed to truthfully answer questions put to him by his probation officer). And Probber concedes that the unchallenged violations are sufficient to justify the two-year term of re-imprisonment imposed by the district court. Accordingly, even if we were to invalidate the challenged findings, the revocation of Probber's supervised release would still stand.[4]

During the pendency of this appeal, Probber's term of re-imprisonment expired. Accordingly, the threshold question presented is whether Probber's release from custody has rendered his appeal moot. We conclude that it has and that we must therefore dismiss Probber's appeal for lack of jurisdiction.

Article III, Section 2 of the United States Constitution limits the subject matter jurisdiction of the federal courts to those cases that present a "case or controversy." *Spencer v. Kemna,* 523 U.S. 1, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Id.* (internal quotation marks omitted). And it means that the

2. Probber initially filed his brief on appeal on June 27, 1997. On July 21, 1997, the parties stipulated to the withdrawal of Probber's appeal in favor of further proceedings in the district court. Those proceedings led to the district court's entry of a modified restitution order on May 12, 1998. Subsequently, Probber asked that his appeal be reinstated, but only as to the issues noted above.

3. The district court's original restitution order delegated to the Probation Office the responsibility for setting a schedule for the payment of Probber's restitution. Our subsequent decision in *United States v. Porter,* 41 F.3d 68 (2d Cir.

1994), invalidated this practice. Accordingly, on May 15, 1996, the district court entered a modified restitution order correcting its error.

4. We note these background matters in the interest of thoroughness. However, it should be clear from the analysis herein that our decision does not depend on the fact that Probber's appeal, even if successful, would leave the revocation of his supervised release intact. Even if Probber's appeal sought complete vacatur of the district court's revocation order, it would still be moot, for the reasons discussed herein.

plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (internal quotation marks omitted).

The Supreme Court has long held that a challenge to a criminal conviction itself presents a justiciable case or controversy even after the expiration of the sentence that was imposed as a result of the conviction. *See id.; see also Sibron v. New York*, 392 U.S. 40, 55–56, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). The reason for this is the "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." *Spencer,* 118 S.Ct. at 985 (internal quotation marks omitted). In cases involving a challenge to a criminal conviction, the Court has been willing to *presume* the existence of collateral consequences sufficient to satisfy the case-or-controversy requirement; or, in a practice that it views as "effectively the same," the Court has been willing "to count collateral consequences that are remote and unlikely to occur." *Id.* at 983.

In the recently-decided *Spencer* case, the Court criticized its own precedents establishing the presumption of collateral consequences in challenges to a criminal conviction. *See id.* at 983–85. And, more specifically, the Court held that the presumption does not extend to the parole revocation context, where it apparently cannot be said that the presumption "is likely to comport with reality." *Id.* at 985–86. Instead, it held that an individual challenging the revocation of his parole— and whose term of re-incarceration has expired—bears the burden of demonstrating that some concrete and continuing injury

continues to flow from the fact of the revocation. *See id.* at 986.

█ Notwithstanding the Court's decision in *Spencer,* Probber argues that we should presume that collateral consequences flow from the findings of the district court that are challenged in this appeal. Specifically, Probber claims that the district court's finding that he committed mail and wire fraud, in violation of the terms of his supervised release, is akin to a criminal conviction. We disagree.

The judicial findings that Probber challenges in this appeal are not distinguishable in any relevant sense from the findings that supported the parole revocation at issue in *Spencer.*[5] And it is clear from the Court's holding in *Spencer* that it did not consider those findings sufficiently analogous to a criminal conviction to justify a presumption of collateral consequences.[6] *See id.* at 982, 986 n. 5. Accordingly, we see no basis for adopting a presumption of collateral consequences here.[7]

█ In the absence of a presumption of collateral consequences, Probber bears the burden of demonstrating collateral consequences sufficient to meet Article III's case-or-controversy requirement. *See id.* at 986. Probber claims that he has suffered four concrete injuries from the district court's finding that he committed mail and wire fraud. Specifically, he asserts that the finding (1) adversely affects his reputation, (2) could be used against him as character and/or impeachment evidence in future criminal or civil proceedings, (3) could be used to support an upward departure in any subsequent sentencing under the United States Sentencing Guidelines, and (4) makes it more

---

5. At issue in *Spencer* were the findings of a parole board that the petitioner committed forcible rape, that he used or possessed drugs, and that he used or possessed a dangerous weapon. *See Spencer,* 118 S.Ct. at 981; *see also id.* at 990 n. 1 (Stevens, J., dissenting).

6. Thus, to the extent that our decision in *United States v. Parker*, 952 F.2d 31 (2d Cir.1991), suggests that we may presume that collateral consequences flow from the judicial findings underlying a revocation of supervised release, that case is no longer good law.

7. Of course, we intimate no view on *Spencer* 's effect, if any, on situations other than the revocation of parole or supervised release; nor has any other published opinion of this Court done so. In one post-*Spencer* case, *United States v. Rivera,* 164 F.3d 130 (2d Cir.1999), we held that a convict's challenge, on direct appeal, to the length of his sentence had not been rendered moot by the expiration of that sentence. However, neither the parties' briefs nor the opinion of the panel in *Rivera* made reference to *Spencer.* Accordingly, we assume that the *Rivera* panel did not consider *Spencer* 's effect, if any, on the issue before it.

likely that he will be convicted erroneously in the future.

These injuries are too speculative to satisfy the case-or-controversy requirement of Article III. As to Probber's first claim, the Court in *Spencer* rejected the notion that the possibility of vindicating a reputational interest of the sort asserted here was sufficient to avoid mootness. *See id.* at 987 n. 8. Probber's second contention also fails, because it is purely a matter of speculation whether future criminal or civil proceedings would ever occur. *See id.* at 987. With regard to Probber's third, sentencing-based contention, the Court, in *Spencer,* has already rejected a similar argument. The Court refused to recognize such a collateral consequence, on the ground that an individual presumably has the power, and the legal obligation, to avoid committing additional crimes. *See id.* Moreover, this asserted injury is overly speculative for the additional reason that the district court's finding would be simply one factor, among many, that could be considered in connection with the discretionary decision whether to impose an upward departure. *Cf. id.* at 986 (discussing discretionary decision whether to revoke parole). Finally, we believe that Probber's last assertion—that, as a result of the challenged findings, he is more likely to be wrongly convicted in the future— is too speculative to serve as a concrete injury for the purpose of establishing our subject matter jurisdiction.[8]

For the foregoing reasons, we dismiss Probber's appeal as moot.

---

8. Probber acknowledges that the Supreme Court, in *Spencer,* found that injuries similar to those we have considered were insufficient to satisfy the case-or-controversy requirement. Nonetheless, he argues that the reasoning of *Spencer* is inapplicable in this appeal, because *Spencer* was be-

fore the Court through habeas corpus proceedings and because the petitioner in *Spencer* had received state court review of his parole revocation. The Court did not base its holding in *Spencer* on these factors, and we believe that *Spencer* properly guides our analysis here.