UNITED STATES of America,
Appellee,

v.

David VALENTINE, Defendant–
Appellant.

No. 06–2679–cr.

United States Court of Appeals,
Second Circuit.

Aug. 31, 2009.

Laurie S. Hershey, Manhasset, NY, for
Appellant.

Susan A. Corkery and Jason A. Jones,
Assistant United States Attorneys, for
Benton J. Campbell, United States Attor-
ney for the Eastern District of New York,
Brooklyn, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief
Judge, JON O. NEWMAN, JOSÉ A.
CABRANES, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant David Valentine ap-
peals from a judgment of the United
States District Court for the Eastern Dis-
trict of New York (Gleeson, *J.*) imposing a
sentence of ten months' imprisonment for
a violation of the terms of supervised re-
lease. Valentine's term of imprisonment
has concluded: he was released from cus-
tody on December 12, 2006. We assume
the parties' familiarity with the underlying
facts, the procedural history, and the is-
sues on appeal.

"Article III, Section 2 of the United
States Constitution limits the subject mat-
ter jurisdiction of the federal courts to
those cases that present a 'case or contro-
versy.'" *United States v. Probber*, 170
F.3d 345, 347 (2d Cir.1999) (quoting *Spenc-
er v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978,

140 L.Ed.2d 43 (1998)). We lack jurisdiction unless Valentine has " 'suffered, or be[en] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " *Id.* at 348 (quoting *Spencer,* 523 U.S. at 7, 118 S.Ct. 978).

"[A]n individual challenging the revocation of his parole—and whose term of reincarceration has expired—bears the burden of demonstrating that some concrete and continuing injury continues to flow from the fact of the revocation." *Id.* at 348. Jurisdiction will not lie where the alleged "injur[y is] too speculative to satisfy the case-or-controversy requirement of Article III." *Id.* at 349; *see also United States v. Blackburn,* 461 F.3d 259, 262 (2d Cir.2006) (dismissing appeal where appellant had completed term of imprisonment and potential benefit of resentencing was too speculative to confer jurisdiction).

At Valentine's sentencing, the trial court treated Attempted Larceny in the Fourth Degree (in violation of New York Penal Law § 155.30) as a felony punishable by a term of imprisonment of more than one year. This was error; the crime was in fact a misdemeanor. Because of this error—which Valentine's counsel failed to point out—the district court calculated a guidelines range of 21 to 27 months, as opposed to the correct range of 8 to 14 months. But the district court departed downward significantly from the probation department's recommend sentence of 24 months, and imposed a sentence within the correct guidelines range.

Valentine argues that he continues to suffer collateral consequences from the erroneous guidelines calculation, because absent a judgment from this Court holding that his sentence was invalid, he is unable to pursue a civil remedy for false imprisonment. *See Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."). Valentine assumes that with a favorable decision from this Court, he could [i] obtain a lower sentence from the district court, and [ii] file suit (against unnamed actors under an unspecified cause of action) for "false imprisonment" resulting from the district court's error. These assumptions are too speculative to satisfy Article III's case-or-controversy requirement.

As to obtaining a lower sentence, the record shows a careful determination by the district court, based on extensive fact-finding. It is doubtful that the district court would impose a lesser sentence even if presented with a lower guidelines range.

More importantly, the error at sentencing was the result of an innocent misunderstanding shared by all parties involved in the proceeding, including Valentine and his attorney. Valentine argues that this misunderstanding could fuel a lawsuit; but the district court, prosecutors, and probation officers are all entitled to absolute immunity for their actions at Valentine's sentencing. *See Doe v. Phillips,* 81 F.3d 1204, 1209 (2d Cir.1996) ("[P]rosecutor[ ]s [enjoy] absolute immunity from claims for damages arising out of prosecutorial duties that are 'intimately associated with the judicial phase of the criminal process.' "); *Hili v. Sciarrotta,* 140 F.3d 210, 213 (2d Cir.1998) ("Judges performing judicial functions within their jurisdictions are granted absolute immunity."); *Dorman v. Higgins,* 821 F.2d 133, 136–37 (2d Cir.

1987) (holding that "federal probation officers preparing and furnishing presentence reports to the court" are entitled to absolute immunity).

In light of the immunity bar (and for other reasons), Valentine cannot show " 'an actual injury ... likely to be redressed by a favorable ... decision.' " *Probber*, 170 F.3d at 348 (quoting *Spencer*, 523 U.S. at 7, 118 S.Ct. 978). Valentine's sentence having expired, his appeal must be dismissed as moot.

We have considered Valentine's remaining arguments and find them to be without merit. For the foregoing reasons, the case is dismissed as moot.