11-5122-cr
*United States v. Guembes-Lorena*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of December, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                No. 11-5122-cr

RUDY GUEMBES-LORENA, AKA 1-07-CR-116-1,

*Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**          DONALD DUBOULAY, Law Office of Donald DuBoulay, New York, NY.

**FOR APPELLEE:**          DARREN LAVERNE (David C. James, Ali Kazemi, *on the brief*) *for* Loretta E. Lynch, United States Attorney, United States

1

Attorney's Office for the Eastern District of New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment of conviction entered on December 5, 2011 is **AFFIRMED**.

Defendant-appellant Rudy Guembes-Lorena appeals from a December 5, 2011 judgment of the District Court convicting him on three counts of violating the conditions of his supervised release. We assume the parties' familiarity with the background of the case, which we reference only as necessary to explain our decision to affirm.

## BACKGROUND

Guembes-Lorena was a member of an international street gang known as La Mara Salvatrucha ("MS-13"). On February 26, 2007, Guembes-Lorena pleaded guilty to a two-count information charging him with Racketeering Conspiracy and Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 1962(d) and 18 U.S.C. §§ 924(c)(1)(A)(i), respectively. On June 4, 2010, the District Court sentenced Guembes to a term of imprisonment of 48 months to be followed by a five-year term of supervised release. Guembes-Lorena's supervised release included certain conditions, including: (1) not associating with any member of MS-13, or any other street gang, (2) not possessing a firearm, ammunition, or destructive device, and (3) not committing another federal, state, or local crime. On June 25, 2010, Guembes-Lorena completed his term of imprisonment, was released from custody, and began his period of supervised release.

Roughly seven months later, on January 31, 2011, Special Agent Sean Sweeney of the U.S. Department of Homeland Security informed Guembes-Lorena that, through an investigation of MS-13, he had "bec[o]me aware of a possible threat to the life of [Guembes-Lorena]." Sweeney offered to provide Guembes-Lorena and his family with protection, but Guembes-Lorena declined. Sweeney later testified that during the course of their conversation, Guembes-Lorena told him that after being released from prison "he ha[d] been associating with members of MS-13 once again" to allay suspicions that he was continuing to cooperate with the government.

2

On February 4, 2011, Guembes-Lorena was arrested, waived his *Miranda* rights, and spoke again with Sweeney.[1] Sweeney testified that during this second conversation, Guembes-Lorena admitted to participating in "several instances in which he conspired to or was involved in attacks against rival gang members." In particular, Sweeney stated that Guembes-Lorena admitted to being involved in: (1) an incident where he and another MS-13 member "took a machete and went to attack a group of young Hispanic males they believed to be members of a rival gang," (2) an incident where he and another MS-13 member traveled in a car "with a loaded handgun with a silencer," and (3) two violent assaults on rival gang members. During one of the violent assaults on rival gang members, Sweeney testified that Guembes-Lorena stated that "while the [rival gang member] was on the ground being stabbed [Guembes-Lorena] was punching and kicking him." Guembes-Lorena also told Sweeney that another MS-13 member named "Pantro" later told Guembes-Lorena that he had stabbed the rival gang member 12 times.

On September 7, 2011, the District Court held an evidentiary hearing concerning Guembes-Lorena's alleged violations of the conditions of his supervised release. The District Court held, on the basis of Sweeney's testimony regarding Guembes-Lorena's admissions, that Guembes-Lorena had violated his supervised release by: (1) associating with MS-13 members (count 1), (2) committing a state crime—second-degree gang assault—in violation of New York Penal Law § 120.06 (count 2), and (3) possessing a firearm (count 3). On November 18, 2011, the District Court sentenced Guembes-Lorena to a term of imprisonment of 50 months—46 months on both counts 2 and 3 to run concurrently and 4 months on count 1 to run consecutively.

## DISCUSSION

We review a district court's findings of supervised release violations for abuse of discretion. *See United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006). A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citation and quotation marks omitted).

Guembes-Lorena makes two arguments on appeal. First, he argues that the evidence presented to the District Court was insufficient to prove by a preponderance of the evidence that he (1) possessed a firearm, and (2) committed second-degree gang assault, which requires that the victim suffer "serious physical injury." Second, he argues that the District Court abused its discretion in revoking his supervised release because he associated with MS-13 members during his supervised release only because "he was afraid he might otherwise be killed as a presumed government cooperator." Guembes-Lorena's arguments are without merit.

---

[1] During the June 20, 2011 suppression hearing, Special Agent Daniel Schoonhen of the Department of Homeland Security testified that Guembes-Lorena's arrest on February 4, 2011 was for violating the Immigration and Nationality Act.

First, sufficient evidence existed for the District Court to find by a preponderance of the evidence that Guembes-Lorena possessed a firearm in violation of his supervised release. *See United States v. Carthen*, 681 F.3d 94, 99-100 (2d Cir. 2012) (violations of supervised release need only be proven by a preponderance of the evidence). Indeed, Guembes-Lorena admitted to Special Agent Sweeney that: (1) he traveled in a car "with a loaded handgun with a silencer, driving around looking for members of a rival gang to kill," (2) MS-13 members "brought the firearm with the silencer on it to his house," and (3) he "was holding on to that gun for a while."

While Guembes-Lorena argues that his admissions about possessing a firearm alone are insufficient to find that he violated his supervised release, he is mistaken. Although "[i]t is a long-settled principle that 'an accused may not be convicted on his own uncorroborated confession'" under the beyond a reasonable doubt standard, *United States v. Bryce*, 208 F.3d 346, 354 (2d Cir. 1999) (quoting *Smith v. United States*, 348 U.S. 147, 152 (1954)), we have held that uncorroborated confessions are sufficient to satisfy the preponderance of the evidence standard, *see United States v. Sasso*, 59 F.3d 341, 353 (2d Cir. 1995) ("Armienti's reliance on *Opper v. United States* . . . is misplaced, since that case dealt with the sufficiency of an uncorroborated confession to police to establish guilt at a criminal trial beyond a reasonable doubt, not with sufficiency to meet the preponderance standard applicable to sentencing."); *see also United States v. Vaughn*, 585 F.3d 1024, 1032 (7th Cir. 2009) ("Although an uncorroborated confession is insufficient to prove guilt beyond a reasonable doubt, we have stated many times that uncorroborated evidence may support fact-findings for sentencing purposes under the more lenient preponderance-of-the-evidence standard."), *cert. denied*, 130 S. Ct. 3385 (2010).[2] Accordingly, Guembes-Lorena's admissions that he possessed a firearm were sufficient for the District Court to conclude by a preponderance of the evidence that he violated the conditions of his supervised release.

Because we conclude that sufficient evidence supported the District Court's conclusion that Guembes-Lorena possessed a firearm in violation of the conditions of his supervised release, we need not consider whether there was sufficient evidence to support the District Court's finding that Guembes-Lorena committed second-degree gang assault. As the District Court sentenced Guembes-Lorena to a term of imprisonment of 46 months on the firearm possession count and the second-degree gang assault count to run concurrently, even if we agreed with Guembes-Lorena that insufficient evidence existed to support the second-degree gang assault finding, Guembes-Lorena would still face the same term of imprisonment. Accordingly, we decline to address the District Court's gang-assault finding. *See United States v. Probber*, 170 F.3d 345, 347-48 (2d Cir. 1999) (noting that because the "unchallenged violations are sufficient to justify the two-year term of re-imprisonment imposed by the district court . . . . even if we were to invalidate the challenged findings, the revocation of [the defendant's] supervised release would still stand"); *see also United States v. Bermingham*, 855 F.2d 925, 933-34 (2d Cir. 1988) (collecting cases).

---

[2] Because we find that Guembes-Lorena's admissions were sufficient under the preponderance of the evidence standard, we need not address the government's argument that at least some of his admissions were corroborated.

4

Finally, Guembes-Lorena's argument that the District Court abused its discretion in revoking his supervised release is without merit. As the District Court properly found that Guembes-Lorena possessed a firearm in violation of the conditions of his supervised release, it was required to revoke his supervised release. *See* 18 U.S.C. § 3583(g)(2).

## CONCLUSION

We have considered all of the Guembes-Lorena's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's December 5, 2011 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5