16-4119-cr
*United States v. Frascatore*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand seventeen.

PRESENT:   AMALYA L. KEARSE,
           JOSÉ A. CABRANES,
           RICHARD C. WESLEY,
                     *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*                           16-4119-cr

        v.

MICHAEL J. FRASCATORE,

        *Defendant-Appellant.*

---

FOR APPELLEE:                    Miroslav Lovric and Joseph A.
                                 Giovannetti, Assistant United States
                                 Attorneys, *for* Grant C. Jaquith, Acting
                                 United States Attorney for the Northern
                                 District of New York.

FOR DEFENDANT-APPELLANT:         Melissa A. Tuohey, Assistant Federal
                                 Public Defender, *for* Lisa A. Peebles,
                                 Federal Public Defender.

Appeal from an order of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 7, 2016 judgment of the District Court be and hereby is **AFFIRMED.**

Defendant Michael J. Frascatore ("defendant" or "Frascatore") appeals from a December 7, 2016 judgment in which he was sentenced to a term of nine months' imprisonment and eight years of supervised release. This sentence resulted from defendant's multiple violations while on supervised release for a previous conviction for distribution of child pornography. He was originally sentenced on August 5, 2008 to 60 months' imprisonment and eight years of supervised release. Frascatore began his initial term of supervised release on August 12, 2011. The violations for which defendant was most recently sentenced included unapproved contact with a minor male child, regularly accessing the internet, ongoing, unapproved telephone contact with minor nieces and nephews, and submitting false monthly reports to his probation officer. Frascatore now argues that this newly-imposed sentence is both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

As an initial matter, we note that Frascatore completed his nine month term of incarceration and was released from custody on July 28, 2017. Any challenge to the procedural or substantive reasonableness of his term of confinement is thus moot. *See United States v. Probber*, 170 F.3d 345, 347-49 (2d Cir. 1999) (dismissing as moot an appeal from a judgment revoking supervised release where defendant had already completed his term of confinement). However, because defendant would still be entitled to a reduction of his term of supervised release if the court were to find such a reduction appropriate, we will analyze whether, as defendant claims, the supervised release component of the District Court's sentence was either procedurally or substantively unreasonable. *See United States v. Mazza Alaluf*, 621 F.3d 205, 213 (2d Cir. 2010) (holding that a completed term of confinement did not render a challenge to the reasonableness of a sentence moot where defendant could receive a reduced term of supervised release).

Defendant contends that the District Court committed procedural error because it relied on clearly erroneous factual findings in determining a sentence. Specifically, he argues that the District Court improperly concluded that his contact with minors and his repeated (and unreported) attempts to gain access to the internet were the result of his urges to fuel his inappropriate sexual desires, rather than mere inadvertent violations.

Although we generally review sentences for "abuse of discretion," *United States v. Bonilla,* 618 F.3d 102, 108 (2d Cir. 2010), we review Frascatore's procedural claim for plain error because he did

2

not object to the District Court's alleged procedural error.[1] A district court commits procedural error "where it fails to calculate the Guidelines range"; "makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory"; "does not consider the § 3553(a) factors"; "rests its sentence on a clearly erroneous finding of fact"; or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). The District Court did not commit a procedural error, much less a plain procedural error, when sentencing Frascatore.

The District Court did not base its sentence on any mistaken belief or clearly erroneous facts. On the contrary, the Court made clear when sentencing the defendant and revoking his supervised release that the punishment imposed was primarily meant to deter defendant's repeated lies to the probation department. The District Court found that the defendant had failed to report unapproved contact with a minor to his probation officer; he had regularly gained access to the internet without informing his probation officer; he had repeatedly submitted false reports to his probation officer; he had registered a Facebook account under a fictitious name without informing his probation officer; and he had possessed an internet-capable cellular telephone without informing his probation officer. The District Court thus committed no procedural error in determining that defendant had engaged in a pattern of deceiving his probation officer. The District Court properly sentenced the defendant based on these findings, which were not clearly erroneous given the factual record and the defendant's own admissions at sentencing. Defendant asks us to conclude that the District Court's stated reason for its sentence was not, in fact, the basis for the punishment given. The record does not compel such a conclusion.

While defendant notes that the District Court was more sympathetic to his behavior during his initial sentencing hearing in 2008, the District Court committed no error by abandoning that view in 2016; it was reasonable for the District Court to characterize defendant's conduct as "out of control" when faced with the task of sentencing him for four separate violations of the terms of his supervised release. It was also proper for the District Court to consider the extent to which defendant's violations might have been committed to further a sexual desire for minors, considering defendant's undisputed conduct in committing the underlying crime for which he was convicted.

Defendant next contends that his sentence was substantively unreasonable because of the weight the District Court assigned to its "erroneous" finding that defendant's sexual desires might have motivated his violations of supervised release. A sentence is substantively unreasonable "only if it cannot be located within the range of permissible decisions." *Bonilla*, 618 F.3d at 108 (internal quotation marks and citations omitted). As we have observed before, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would

---

[1] Under a plain error review, a defendant must "demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013)(internal quotation marks omitted).

be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) (abrogated on other grounds by *Rita v. United States*, 551 U.S. 338, 364 (2007)). The District Court's imposition of eight years of supervised release was reasonable given the circumstances presented; the maximum possible penalty for the violations to which Defendant admitted is a lifetime of supervised release. *See* U.S.S.G. § 7B1.3; 18 U.S.C. § 3583(k).

We reject defendant's argument that the District Court's allusion to Frascatore's sexual desire for minors renders his Guidelines sentence substantively unreasonable. It might well be the case that while defendant characterized his violations as innocuous missteps, the District Court viewed defendant's actions as reflective of a more serious sexual problem. In any event, our review of the record suggests that the District Court fairly considered the evidence presented by both parties before determining a sentence.

Last, defendant argues that the District Court did not properly consider all of the 18 U.S.C. § 3553(a) factors before imposing a sentence. We find that the District Court did not ignore or give outsize weight to any evidence. While the defendant essentially asks us to reweigh the § 3553(a) factors considered by the District Court, "the weight to be given any § 3553(a) factor[] is a matter firmly committed to the discretion of the sentencing judge and is beyond our [appellate] review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Florez*, 447 F.3d 145, 158 (2d Cir. 2006) (internal quotation marks omitted). We see no basis for concluding that Frascatore's sentence of eight years of supervised release (or, for that matter, his sentence of nine months in custody) was unreasonable under the circumstances presented.

## CONCLUSION

We have considered all of the arguments raised by Defendant on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 7, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk