United States v. Shwaryk

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of December, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             PETER W. HALL,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                           16-4239

KEVIN SHWARYK,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     Melissa A. Tuohey, Assistant Federal Public Defender (Lisa Peebles, Federal Public Defender, *on the brief*), Syracuse, N.Y.

Appearing for Appellee:     Steven D. Clymer, Assistant United States Attorney, *for* Grant C. Jaquith, Acting United States Attorney for the Northern District of New York, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Kevin Shwaryk appeals from the nine-month term of imprisonment and eight-year term of supervised release imposed by the United States District Court for the Northern District of New York (Mordue, *J.*) following revocation of his term of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Shwaryk was released from prison on September 7, 2017, rendering arguments regarding the length of his term of imprisonment moot. *See United States v. Probber*, 170 F.3d 345, 347 (2d Cir. 1999) (holding completion of term of imprisonment prior to appeal being heard renders appeal from sentence of imprisonment moot). Shwaryk also challenges his term of supervised release. As no objection was made at sentencing, the procedural unreasonableness of his sentence of supervised release is reviewed for plain error. *See United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007). We have not decided whether plain error review applies to unpreserved challenges to a sentence's substantive reasonableness and, for purposes of this appeal, we assume that it does not and that the abuse of discretion standard applies.

Shwaryk argues his sentence was procedurally unreasonable because the district court did not state, in open court, the reasons for its sentence. He argues that the district court only spoke about his failure to produce his cell phone in June 2016, but noted that Shwaryk produced the phone for inspection after the district court ordered him to comply with probation office directives. He also argues that his sentence is substantively unreasonable, because the court overly relied on the failure to turn over his cell phone.

When sentencing after the revocation of supervised release, a district court's compliance with the sentencing explanation requirements of 18 U.S.C. § 3553(c) "can be minimal." *United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012), as amended (July 25, 2012). "Section 3553(c) requires no specific formulas or incantations; rather, the length and detail required of a district court's explanation varies according to the circumstances." *Id*. Here, the district court stated that it could not overlook Shwaryk's refusal to turn over his cell phone to probation when first asked, and that Shwaryk had a history of failing to comply with the terms of his supervised release. The district court's limited statement sufficed. Moreover, to survive plain error review, Shwaryk needed to show that any lack of explanation "prejudicially affected his substantial rights," *United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013). He made no such showing.

We have considered the remainder of Shwaryk's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2