20-3845
*United States v. Santiago*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-three.

PRESENT:
> AMALYA L. KEARSE,
> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                 No. 20-3845

FELIX SANTIAGO III, a.k.a. URKEL,

> *Defendant-Appellant.*[*]

_____

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| | |
|---|---|
| **For Defendant-Appellant:** | SAMUEL M. BRAVERMAN, Fasulo Braverman & Di Maggio, LLP, New York, NY. |
| **For Appellee:** | MITZI S. STEINER (David Abramowicz, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Felix Santiago III appeals from the district court's judgment revoking his term of supervised release and sentencing him to thirteen months' imprisonment for various violations of the conditions of supervised release imposed in connection with his 2010 conviction for narcotics conspiracy. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Following an evidentiary hearing, the district court found that Santiago committed four of the six specifications of violation alleged by the United States Probation Office, including leaving his district of supervision without the

2

probation officer's prior authorization (Specification Two); lying to the probation officer regarding his residence and possession of cellphones (Specifications Three and Four); and failing to notify the probation officer regarding his change in residence (Specification Five). [1] The district court imposed a concurrent thirteen-month term of imprisonment on each of the four specifications, with no additional term of supervised release to follow. On appeal, Santiago contends that the district court did not have jurisdiction over Specifications Two through Five because they were reported by the Probation Office after his term of supervised release had already ended, and that even if the district court had jurisdiction over the specifications, its sentence of thirteen months' imprisonment – which Santiago completed on April 13, 2021 – is substantively unreasonable. [2]

"Article III, Section 2 of the United States Constitution limits the federal judicial power to 'cases' and 'controversies.'" *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (quoting U.S. Const. art. II, § 2). Once a defendant has

[1] The district court dismissed Specification One at the government's request and dismissed Specification Six for lack of jurisdiction.

[2] Santiago was subsequently charged and convicted of bail jumping for failing to surrender for service of his sentence on the date ordered by the district court, in violation of 18 U.S.C. § 3146. The district court in that matter sentenced Santiago to a year and a day of imprisonment, to be followed by a three-year term of supervised release. Santiago has completed the custodial portion of that sentence and is now on supervised release.

completed his sentence, "some concrete and continuing injury other than the now-ended incarceration or parole – [namely,] some collateral consequence of the conviction – must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted). While challenges to criminal *convictions* are presumed to have "continuing collateral consequences" even after the defendant has completed his sentence, *id.* at 8, that presumption does not apply to *violations* of probation, parole, or supervised release, *see, e.g.*, *Nowakowski v. New York*, 835 F.3d 210, 218 (2d Cir. 2016) (noting that "the presumption of continuing collateral consequences" applies "only to criminal convictions" and that the Supreme Court has "expressly declined to extend [the presumption] outside of that context" (internal quotation marks omitted)). Instead, a defendant who challenges a judgment of revocation but has completed his term of re-incarceration "bears the burden of demonstrating that some concrete and continuing injury continues to flow from the fact of the revocation." *United States v. Probber*, 170 F.3d 345, 348 (2d Cir. 1999).

Here, Santiago argues that he has met that burden because the district court's judgment of revocation may (1) expose him to impeachment if he "were to ever testify at a future trial," Santiago Br. at 22; (2) cause him to face "an increased

sentence in a possible future proceeding," *id.* at 23; and (3) subject him to other unspecified "collateral consequences" if he were to violate the conditions of supervised release in the bail-jumping case, *id.* at 24. None of these alleged injuries, however, is sufficient to satisfy the case-or-controversy requirement of Article III.

With respect to Santiago's first argument, the Supreme Court has held that the possibility that a defendant's "parole revocation . . . could be used to impeach him should he appear as a witness or litigant in a future criminal or civil proceeding" is "purely a matter of speculation," which is too remote to constitute a continuing injury. *Spencer*, 523 U.S. at 15–16 (citing *O'Shea v. Littleton*, 414 U.S. 488, 496–97 (1974)). That holding is squarely applicable to this case, where Santiago has not articulated any reason to think that he may be called as a witness in a future proceeding, much less "that a prosecutor or examining counsel would . . . use the . . . revocation [judgment]" to impeach him. *Id.* at 16. Santiago's worry that he may be impeached at a future trial is therefore "too speculative to serve as a concrete injury for the purpose of establishing our . . . jurisdiction." *Probber*, 170 F.3d at 349.

5

Santiago's remaining arguments are also unpersuasive. As the Supreme Court has explained, the possibility that an "[o]rder of [r]evocation could be used to increase [a defendant's] sentence in a future sentencing proceeding" does not render a mooted case justiciable, since that possibility is "contingent upon [the defendant] violating the law, getting caught, and being convicted." *Spencer*, 523 U.S. at 15; *see also Probber*, 170 F.3d at 349 (explaining that the Supreme Court has "refused to recognize [any sentencing-based] collateral consequence, on the ground that an individual presumably has the power, and the legal obligation, to avoid committing additional crimes"). Here, although it is possible that the district court's revocation judgment may subject Santiago to additional consequences should he commit a new crime or violate the conditions of supervised release in the bail-jumping case, the fact remains that Santiago is "able – and indeed required by law – to prevent such a possibility from occurring." *Lane v. Williams*, 455 U.S. 624, 633 n.13 (1982). Because Santiago has failed to demonstrate any "concrete and continuing injury [that] continues to flow from the fact of the revocation," we cannot conclude that we have jurisdiction over this appeal. *Probber*, 170 F.3d at 348.

For these reasons, we **DISMISS** this appeal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court